UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMAEL M. HUBBARD,

    Plaintiff,

v.                                               Case No. 8:25-cv-3494-TPB-TGW

NAPHCARE MEDICAL SERVICES,

    Defendant.
_____/

## ORDER

Jamael M. Hubbard[1] initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1) Hubbard sues Naphcare Medical Services for alleged constitutional violations that occurred while he was housed in the Pasco County jail. He alleges that medical personnel and corrections officers were deliberately indifferent to his serious medical needs by failing to provide him appropriate medical care when he complained of an object stuck in his throat. Upon review, this case must be dismissed because the complaint

---

[1] Hubbard identifies himself as a pretrial detainee (Doc. 1 at 4); however, publicly-available records show that in 2020, he pleaded guilty to armed robbery, a first-degree felony, in violation of Florida Statute § 812.13.2, and began serving an eight-year sentence. *State v. Hubbard*, No. 2018CF4921 (Fla. 6th Jud. Cir.).

fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[2] The dismissal is without prejudice to Hubbard filing an amended complaint.

I.   **Hubbard's Complaint**

Hubbard alleges that upon arrival at the Pasco County jail on November 19, 2025, he complained to medical personnel that he had something stuck in his throat that is causing him pain down to his chest. (Doc. 1 at 5) Hubbard alleges that his chest and throat are tender, that he has spit up blood, and he has an ear infection. (*Id.*) Hubbard submitted five sick call requests but "nothing has been done." (*Id.*) He has received pain medication, antibiotics, and an EKG. (*Id.*)

On December 2, 2025, Hubbard asked for medical assistance for pain in his side. (*Id.*) Sergeant Powers responded that it was not a medical emergency and instructed Hubbard to "lay down and chill." (*Id.*) Hubbard was placed in a room with no help. (*Id.*)

On December 11, 2025, Hubbard was seen by a medical doctor who told Hubbard that he would receive an x-ray soon. (*Id.* at 9) The doctor told

---

[2] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519 (1972).

2

Hubbard that, if he had an object lodged in his throat or chest, the body scanner, which he submitted to when he arrived at the Pasco County jail, would have detected the object. (*Id*. at 10)

Hubbard neglects to describe the damages he seeks to recover in this action. (*Id*. at 5) He alleges that as of the date of the filing of this action on December 19, 2026, he is "still waiting to be seen for this problem." (*Id*.) Publicly-available records from the Florida Department of Corrections show that Hubbard is currently incarcerated at the Reception and Medical Center located in Butler, Florida. *See* Florida DOC Offender Information Search at https://pubapps.fdc.myflorida.com/OffenderSearch/Search (last accessed January 13, 2026).

## II.   Analysis

Hubbard names only Naphcare Medical Services as a defendant in this action. Because Naphcare, a private entity, provides medical treatment in the Pasco County jail, Naphcare "perform[s] a function traditionally within the exclusive prerogative of the [county]" and "becomes the functional equivalent of the [county]." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Like a county, Naphcare is liable under § 1983 only if Naphcare implemented an official policy, custom, or practice that caused the constitutional violation. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

Hubbard's claim fails because he does not identify any specific policy or custom implemented by Naphcare that caused the constitutionally deficient medical care. He instead alleges that medical personnel did not respond appropriately to his complaints. However, Hubbard may not hold Naphcare vicariously liable for the acts or omissions of its employees. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Hubbard's claim fails for the additional reason that he neglects to allege sufficient facts to state a claim for deliberate indifference to his serious medical needs. Pretrial detainees, like prisoners, "have a right to receive medical treatment for their illnesses and injuries[,]" and deliberate indifference to a detainee's serious medical needs is a constitutional violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). Their right to medical treatment arises under the Fourteenth Amendment rather than the Eighth Amendment, but the legal standard is the same. *Id.* at 1331. To state a claim for deliberate indifference, a detainee must allege (1) he had a serious medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the detainee's injury. *Id.* at 1335.

To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McWade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute

deliberate indifference. *Hernandez v. Sec'y, Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id*. "Medical treatment violates [the constitution] only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. And, even if a defendant actually knew of a substantial risk to a detainee's health or safety, he cannot be found liable for deliberate indifference "if he responded reasonably to that risk." *Wade*, 106 F.4th at 1262 (quotation omitted).

Here, Hubbard does not allege a "complete denial" of medical care. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). To the contrary, he alleges that in the month between his arrival at the Pasco County jail and the filing of his complaint, he received pain medication, antibiotics, and an EKG. He further alleges that he was seen by a medical doctor who ordered an x-ray. Rather than alleging a complete denial of care, he complains that that the treatment he received was inadequate because he initially received an EKG rather than an x-ray and because his symptoms are ongoing.

These allegations do not state a claim for deliberate indifference to serious medical needs because "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is insufficient to state a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Indeed, "the question of

5

whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability[.]" *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Because Hubbard alleges nothing more than a disagreement over matters of medical judgment, he fails to state a plausible claim for deliberate indifference to serious medical needs. *See Culver v. Bayola, MD*, No. 18-12968-G, 2019 WL 3247159, at *1 (11th Cir. Feb. 19, 2019) ("[Plaintiff's] core contention that [the medical staff] should have ordered an MRI was a disagreement in medical judgment, which did not rise to the level of [a constitutional violation]."). Accordingly, Hubbard's complaint must be dismissed.

Because this is the first time the Court has explained the type of allegations necessary to state a claim and has identified pleading deficiencies, the Court will permit Hubbard an opportunity to file an amended complaint in which he may attempt to state a claim for deliberate indifference to his serious medical needs. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a complaint, a *pro se* plaintiff must be given at least one chance to amend before it is dismissed with prejudice. . . . Absent [exceptions not applicable here], a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend.").

## III.     Conclusion

Accordingly, Hubbard's complaint is dismissed without prejudice. If Hubbard can state a claim against Naphcare, he may file an amended complaint consistent with this order no later than **February 13, 2026**. The amended complaint will supersede the original complaint. Therefore, the amended complaint must contain all claims for relief. It must not refer to or incorporate the original complaint.

If Hubbard fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

DONE and ORDERED in Chambers in Tampa, Florida, this 13th day of January, 2026.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**